Daniel, J.
 

 The proceedings were not at common law; for partition by tenants in common of chattels could not be had in the common law Courts; they had to
 
 go
 
 into the Courts of Equity, to effect that object. The expense and delay in Chancery being great, the Legislature gave the County Courts Chancery jurisdiction, in the partition of slaves among tenánts in common. In this, case, whether the commissioners acted right, in charging the owners of the most valuable dividends with the payment of sums of money, to the owners of the less .valuable 'dividends, in order to equalize their shares in the slaves, is a subject not now necessary to enquire into ; as the report was returned, and no exceptions being taken to it by 'any of the parties, it was confirmed by the Court. The
 
 *221
 
 decree, strictly speaking, sliould Rave been drawn out by the Court in conformity to the report, as if the proceedings had been in the Court of Chancery. No doubt, that would have made the money payable to Moore, the party, and not to his agent. The judgment of the Superior Court was, therefore, upon an immaterial matter, and it must be reversed. The error consisted in treating this as a judgment of a Court of common law, and the notice as process to revive it; whereas the proceeding is, as in equity, and the notice was merely to ground a motion fox-drawing up the decree, or attaching the party for not complying with it, or to enable 'the party interested to take any other step, as in equity. It is impossible to regard it as a suit at common law; for there were not even adversary parties, but all the claimants were petitioners. The Superior Court will issue a writ to the County Court to proceed in the cause. There ought to be no costs of this proceeding in the County Court, for it was but a motion in the original cause there. But tlio appellant from the County Court, that is, Lemmon, should pay the costs both of the Superior Court and this Court.
 

 Per Curiam. Adjudged accordingly.